IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TAMMY JEAN ROBINETTE, ET AL.,** ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| V. ) | **CASE NUMBER: 2:06cv556-VPM** |
| ) | |
| **BILLY WAYNE FULMER, ET AL.,** ) | |
| ) | |
| DEFENDANTS. ) | |

**MOTION FOR DISCOVERY BEFORE RULE 26(f) MEETING
AND REQUEST FOR EXPEDITED HEARING ON MOTION**

COME NOW Plaintiffs in the above-styled action moving for an order allowing them to conduct depositions pursuant to Rule 30(b)(6), Fed. R. Civ. P., on or before Friday July 14, 2006, which will likely be before the parties' planning meeting pursuant to Rule 26(f), Fed. R. Civ. P. Said depositions are limited in their purpose to identifying the proper Defendants for this action. As grounds for this motion, Plaintiffs present the following:

1. This action alleges claims of violations of rights secured by the U.S. Constitution, which are actionable under 42 U.S.C. § 1983, and pendant state law claims arising out of the same events.

2. The events at issue are related to Plaintiff Tammy Robinette's arrest by the Chilton County Sheriff's Department on August 14, 2004.

3. The statute of limitations applicable to all of the claims alleged in this action is two years from the occurrence of the events at issue.

4. Plaintiffs have obtained some documents pursuant to a petition filed under Rule 27, Ala. R. Civ. P., but have not been able to determine from the documents the name of the female jail corrections officer who strip-searched Plaintiff Tammy Robinette on or about August 14, 2004.

5. Upon reasonable belief based on arrest records provided by the Chilton County Sheriff's Department and the City of Hoover, Defendant L. Graham of the Chilton County Sheriff's Department and Defendant Flores of the City of Hoover appear to have been the people with responsibility for confirming the outstanding warrant pursuant to which Plaintiff Tammy Robinette was arrested. However, there are other names on the dispatch records indicating that others may have played a role or even had a more principle role in the relaying of information and the decision to arrest.

6. Upon reasonable belief based on arrest records provided by the Chilton County Sheriff's Department, Defendant Warren Garris of Chilton County Sheriff's Department was the person with responsibility for arresting Plaintiff Tammy Robinette. However, there is another officer's name on the dispatch records, Brian Stilwell, indicating that he too may have played a role or even had a more principle role than Garris in the decision to arrest Tammy.

7. Even though the plain language of Rule 15(c)(1), Fed. R. Civ. P., appears to authorize fictitious party pleading here, where the Alabama statute of limitations governs all of the claims, counsel for Plaintiffs know of no precedential case holding that naming fictitious parties in the Complaint in this case will extend the statute of limitations. Further, while Plaintiffs presented the Clerk of this Court with a summons for a person identified in the Complaint as Fictitious Defendant A, the Chilton County Jail Corrections Officer who strip-searched Plaintiff Tammy Robinette, and provided an address for attempted service by certified mail of that Defendant, the Clerk declined to issue the summons and serve the summons and complaint on Fictitious Defendant A.

8. Plaintiffs filed this action on June 21, 2006. Because of the time needed for service of the Complaint, Defendants' responses, and a Rule 26(f) meeting that must ordinarily precede discovery, Plaintiffs will have a difficult if not impossible time identifying all potentially liable

parties before August 14, 2006, which is when the statute of limitations expires.

9. To determine the name of the female jail corrections officer who strip-searched Plaintiff Tammy Robinette and who among the dispatchers, officers, and/or employees of the Chilton Sheriff's Department and Hoover were involved in and responsible for the events and policies at issue in this case, Plaintiffs want to depose the Chilton County Sheriff's Department and the City of Hoover on the matters set forth in Schedule B of the attached deposition notices and have requested that the individuals presented at depositions bring certain documents designed to assist in determining the proper parties to this action.

10. Plaintiffs request that the time for these depositions be set for on or about July 14, 2006, to give them time to meet the statute of limitations deadlines in this case.

11. Plaintiffs submit the persons named in the deposition notices will not be prejudiced by having to appear for a deposition before the Rule 26(f) meeting of the parties in this case because of the limited scope of the matters to be deposed and the fact that the Chilton County Sheriff's Department and the City of Hoover already have legal counsel who are familiar with the events at issue in this case as a result of Plaintiff Tammy Robinette's filing of a petition pursuant to Rule 27, Ala. R. Civ. P., requesting documents pursuant to Rule 34, Ala. R. Civ. P.

12. While none of the Defendants have yet made an appearance in the case, counsel for Plaintiffs called and wrote to counsel who represented Sheriff Fulmer and the City of Hoover in the state court proceeding under Rule 27, Ala. R. Civ. P., about Plaintiffs need for the requested information before the parties' Rule 26(f) meeting, but counsel have not been able to reach an agreement about the conducting of this discovery.

For the foregoing reasons, Plaintiffs request that this Court to set this matter for an expedited hearing and issue an order permitting them to serve the attached notices of deposition and hold these

depositions on July 14, 2006.

                                                      s/ George B. Azar
George B. Azar (AZA002)
Elizabeth C. Wible (WIB002)
Attorneys for Plaintiffs

OF COUNSEL:
AZAR & AZAR, L.L.C.
260 Washington Avenue
P.O. Box 2028
Montgomery, Alabama 36102-2028
Telephone: (334) 265-8551
Fax: (334) 261-3489
gazar@azarlaw.com
ewible@azarlaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

     (NOT APPLICABLE)

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

     Billy Wayne Fulmer
     Sheriff of Chilton County, Alabama
     500 Second Avenue North
     Clanton, Alabama, 35045-3421

     Officer Warren Garris
     500 Second Avenue North
     Clanton, Alabama, 35045-3421

     Jason Davis
     Chilton County Sheriff's Department
     500 Second Avenue North
     Clanton, Alabama, 35045-3421

     L. Graham
     Chilton County Sheriff's Department
     500 Second Avenue North
     Clanton, Alabama, 35045-3421

City of Hoover, Alabama
100 Municipal Drive
Hoover, Alabama, 35216

Flores
100 Municipal Drive
Hoover, Alabama, 35216; and

Fictitious Defendant A
the female officer
who strip-searched Tammy Parker at the
Chilton County jail on or about August 14, 2004
500 Second Avenue North
Clanton, Alabama, 35045-3421

and I hereby certify that I have faxed the document to the following non-CM/ECF participants:

COUNSEL FOR SHERIFF FULMER
C. Winston Sheehan, Jr. Esquire
Ball, Ball, Matthews & Novak, P.A.
Fax:     387-3222

COUNSEL FOR THE CITY OF HOOVER, ALABAMA
E. Dianne Gamble, Esquire
Mark S. Boardman, Esquire
Boardman, Carr & Hutcheson, P.C.
 Fax:   (205) 678-0000

s/George B. Azar

N:\WP51\GBA\Rob-Chi\Rule 26(d) Motion.wpd