IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY JEAN ROBINETTE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV556-VPM |
| | ) | [WO] |
| BILLY WAYNE FULMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

The plaintiffs ["Robinette"] filed her complaint in this civil lawsuit on 21 June 2006 (Doc. # 1). On 27 June 2006, the plaintiff filed a Motion For Discovery Before Rule 26(f) Meeting and Request For Expedited Hearing on Motion (Doc. # 2). Upon consideration of the motion, and for good cause, it is

ORDERED that the motion is GRANTED.

For the limited purpose of identifying the proper defendants to this action, Robinette seeks to take the depositions of representatives from the Chilton County Sheriff's Department and the City of Hoover, Alabama, on 14 July 2006, before the parties' planning meeting required by Rule 265(f), Fed. R. Civ. Pro. She alleges in her complaint that, on 14 August 2002, officials acting on behalf of the City of Hoover, together with officers of the Chilton County Sheriff's Department wrongfully effected her arrest and wrongfully detained her in the Chilton County Jail, during which time she was interrogated, strip-searched, photographed, fingerprinted, locked in a jail cell, and transported to the Hoover jail. Her

personal property was also taken from her.  Robinette alleges that

- the defendants violated her constitutional rights secured by the Fourth and Fourteenth Amendments;
- the defendants engaged in negligence and gross negligence in their handling of the underlying events;
- she was falsely arrested and imprisoned;
- the defendants maliciously prosecuted her;
- the defendants were wanton, wilful, and guilty of bad faith in the manner in which they dealt with her;
- the defendants committed assault and battery against her;
- the agencies failed to train their officers properly; and
- she lost consortium with her husband.

Robinette has named several of the defendants involved in the underlying acts, but she is unable to identify the others.  An official from each entity can identify other potential defendants by reference to letters, memoranda, logs, calendars, work schedules, or other documents maintained by the agency.

Moreover, the statute of limitations for filing this §1983 action expires on 14 August 2006.[1]  It is likely that a Rule 16 conference will not be conducted in this case until nearly

---

[1] The statute of limitations applicable to actions filed under 42 U.S.C. § 1983 is two years.  ***Owens v. Okure***, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations

that date, rendering subsequent discovery too late for an appropriate amendment of the complaint.  Finally, it is in the best interest of the parties and the court if the plaintiff names all of the defendants and recites all of her causes of action in one lawsuit.  As a matter of policy, the court frowns upon piecemeal litigation, and the defendants are entitled to face all of the allegations in a single litigation.

Accordingly, it is further ORDERED as follows:

1. Robinette's counsel shall forthwith serve the defendants with the Notice of Deposition attached to the motion.

2. On or before 10 July 2006, counsel for the defendants shall identify to Robinette's counsel the names of the representatives who will serve as deponents for the Chilton County Sheriff Department and the City of Hoover, Alabama.  Said representatives shall be able and prepared at the depositions to respond to the matters identified in the Notice and any other issues of identity related to the events of 14 August 2004.

3. The depositions shall occur on or before 14 July 2006.

5. On or before 20 July 2006, Robinette's counsel shall file a Notice of Compliance with the Clerk of the court, certifying that the depositions

---

for personal injury actions); *see also* **Lufkin v. McCallum**, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

        occurred.

6.      On or before 21 July 2006, the Robinettes shall file their amended complaint, if any, and this case shall proceed on the ordinary schedule for litigation in this court. The plaintiffs shall file a complete amended complaint and shall not attempt to incorporate by reference any of the allegations in the first complaint. The court will construe the amended complaint as one which supersedes the first complaint.

DONE this 6th day of July, 2006.

        /s/ Vanzetta Penn McPherson
        VANZETTA PENN MCPHERSON
        UNITED STATES MAGISTRATE JUDGE