IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY JEAN ROBINETTE, et al.,   ) | |
|       Plaintiffs,   ) | |
| ) | |
| v.   ) | Case No.: 2:06-CV-556 |
| ) | |
| BILLY WAYNE FULMER, et al.   ) | |
|       Defendants.   ) | |

### SHERIFF FULMER, WARREN GARRIS AND JASON DAVIS' ANSWER TO COMPLAINT

**COME NOW** the Defendants, Billy Wayne Fulmer, the Sheriff of Chilton County, Alabama, Officers Warren Garris, and Jason Davis, and in Answer to the Complaint say as follows:

1.    With respect to the allegations in paragraph 1 of the Complaint, it is admitted that this Court properly has jurisdiction. It is further admitted that Plaintiffs have brought their causes of action under 42 U.S.C. § 1983; however, Defendants deny that there is any basis in law or fact for such causes of action.

2.    The Defendants admit that the Plaintiffs have brought causes of action under state law; however, Defendants deny that there is any basis in law or fact for such causes of action.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. The Defendants admit that Sheriff Billy Wayne Fulmer was the duly elected Sheriff of Chilton County, Alabama on August 14th and 15th, 2004. The Defendants deny the remaining allegations of paragraph 5 of the Complaint.

6. Defendant, Warren Garris, was a Chilton County Deputy Sheriff and Chilton County law enforcement officer at the time of the events giving rise to this action. He detained Tammy Parker on an outstanding warrant for a person named Tammy Parker. The remaining allegations of paragraph 6 are denied.

7. Linda Graham was working as a Chilton County E-911 Dispatcher in the course of her duties at the time of the events giving rise to this action. Linda Graham was responsible for comparing identifying information about Tammy Parker. The remaining allegations of paragraph 7 are denied.

8. The Defendants admit that Jason Davis was working as a Chilton County Jailer and in the course of his duties entered data for the booking of Tammy Parker. The remaining allegations of paragraph 8 are denied.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. The Defendants admit that on August 14, 2004 at about 9:15 p.m., the plaintiffs were driving a car in Chilton County, Alabama. The Plaintiff reached a road block near the intersection of County Roads 59 and 24 where officers were conducting a check of drivers'

licenses. The Plaintiffs were asked for identification and the license showed a signature of Tammy Parker. The remaining allegations of paragraph 12 are denied.

13. The Defendants admit that Linda Graham, the dispatcher, checked for outstanding warrants for Alabama Drivers' License number 5055943. The remaining allegations of paragraph 13 are denied.

14. The Defendants admit that the check revealed an outstanding warrant for Tammy Parker issued by the City of Hoover Police Department. The dispatcher, Linda Graham, contacted the Hoover Police Department. The remaining allegations of paragraph 14 are denied.

15. Denied.

16. The Defendants admit that an officer with the City of Hoover asked that Tammy Parker be held in Chilton County Jail until the morning when an Officer from Hoover could pick her up. The remaining allegations of paragraph 16 are denied.

17. Denied.

18. The Defendants admit that Tammy Parker was handcuffed and placed in a Chilton County law enforcement vehicle. The remaining allegations of paragraph 18 are denied.

19. Denied.

20. Denied.

21. Denied.

22. The Defendants admit that several items of paperwork were completed at the Chilton County Jail and a copy of her drivers' license was obtained. The remaining allegations of paragraph 22 are denied.

23. The Defendants admit that a female officer, Lt. Angie Smith, searched Tammy Parker and provided her with a jumpsuit which Tammy Parker put on. The remaining allegations of paragraph 23 are denied.

24. Denied.

25. The Defendants admit that Tammy Parker was photographed and fingerprinted. The remaining allegations of paragraph 25 are denied.

26. The Defendants admit that at approximately 11:15 p.m. Sgt. Davis from the City of Hoover arrived at the Chilton County Jail. The remaining allegations of paragraph 26 are denied.

27. The Defendants admit that Tammy Parker left with Sgt. Davis in route to the Hoover Police Department. The remaining allegations of paragraph 27 are denied.

28. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 28 of the Complaint.

29. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 29 of the Complaint.

30. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 30 of the Complaint.

31. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 31 of the Complaint.

32. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 32 of the Complaint.

33. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 33 of the Complaint.

34. The Defendants admit that the Fourth Amendment to the United States Constitution affords certain rights to individuals. However, the Defendants deny that there is any basis in law or fact that justifies implication of the Fourth Amendment.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. The Defendants admit that the Fourteenth Amendment to the United States Constitution affords certain rights to individuals. However, the Defendants deny that there is any basis in law or fact that justifies implication of the Fourteenth Amendment.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

### FIRST DEFENSE

The Complaint fails to state a cause of action against these Defendants upon which relief may be granted to the Plaintiffs.

### SECOND DEFENSE

The Defendants plead the general issue.

### THIRD DEFENSE

The Defendants plead not guilty.

### FOURTH DEFENSE

The Defendants plead immunity under both the Federal and State Constitutions as well as Statutory and Common Law immunity.

## FIFTH DEFENSE

The Defendants plead governmental immunity, and state-agent immunity.

## SIXTH DEFENSE

The Defendants are entitled to discretionary function immunity.

## SEVENTH DEFENSE

The Defendants are entitled to sovereign immunity.

## EIGHTH DEFENSE

The Defendants are entitled to qualified immunity.

## NINTH DEFENSE

The Defendants are entitled to good faith immunity.

## TENTH DEFENSE

The Defendants have not violated the constitutional rights of the Plaintiffs.

## ELEVENTH DEFENSE

The Defendants plead waiver, consent, acquiescence and estoppel.

## TWELFTH DEFENSE

Defendants specifically deny that they failed to exercise reasonable care in any particular.

## THIRTEENTH DEFENSE

Defendants specifically deny that the injuries allegedly suffered by the Plaintiff were proximately caused by the subject incident alleged.

## FOURTEENTH DEFENSE

The Defendants assert that at all times relevant hereto, the Defendants were acting in the course and scope of their employment as law enforcement officers.

**FIFTEENTH DEFENSE**

The Defendants assert that there are immune from liability under § 6-5-338 of the <u>Code of Alabama</u>, (1975, as amended).

**SIXTEENTH DEFENSE**

The Defendants plead an intervening and superceding cause.

**SEVENTEENTH DEFENSE**

The Defendants are immune from punitive damages in this action.

**EIGHTEENTH DEFENSE**

The Plaintiff is not entitled to punitive damages in this action and any order of punitive actions against the Defendants would amount to a violation of these Defendants' Constitutional rights.

**NINETEENTH DEFENSE**

The Defendants assert absolute immunity pursuant to the Eleventh Amendment. See <u>U.S. Constitution</u> Amendment XI.

**TWENTIETH DEFENSE**

The Plaintiffs have failed to exhaust their administrative remedies.

**TWENTY-FIRST DEFENSE**

Section 6-11-26 of the <u>Code of Alabama</u>, (1975 as amended) bars punitive damages against these Defendants.

**TWENTY-SECOND DEFENSE**

The Defendants plead contributory negligence, assumption of risk and failure to mitigate damages.

**TWENTY-THIRD DEFENSE**

The Plaintiffs' alleged injuries resulted form their own neglect, wrongful or criminal conduct, and they contributed to any of the alleged damages or injuries received. The Plaintiffs should be estopped from any cause of action in this matter.

**TWENTY-FOURTH DEFENSE**

Any damage or harm which the Plaintiffs may have experienced is due to their own actions and not those of the Defendants.

**TWENTY-FIFTH DEFENSE**

This Defendants assert absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

**TWENTY-SIXTH DEFENSE**

Any award of damages is limited to $100,000.00 as set out in § 11-93-2 of the Code of Alabama, (1975, as amended).

**TWENTY-SEVENTH DEFENSE**

The Defendants plead substantive immunity.

**TWENTY-EIGHTH DEFENSE**

The Defendants are immune from liability based upon discretionary function immunity.

**TWENTY-NINTH DEFENSE**

1.     Defendants aver that the Complaint fails to state a claim upon which punitive damages may be awarded to plaintiffs.

2.     Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

9

3. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

4. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

7. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose documents and evidence.

8. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against these Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose documents and evidence.

9. Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the

11

        plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)     The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants.

11.     Plaintiffs' attempt to impose punitive or extracontractual damages on these Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12.     The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13.     The award of punitive damages against these Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14.     The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> §§ 6-11-20 to 6-11-30 (1975) and is barred.

**THIRTIETH DEFENSE**

These Defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

### THIRTY-FIRST DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

### THIRTY-SECOND DEFENSE

Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See: Honda Motor Company, Ltd. v. Oberg, 114 S.Ct. 2331, 129 L.Ed. 2d 336 (1996).

### THIRTY-THIRD DEFENSE

With respect to the Plaintiffs' demands herein for punitive damages, The Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in BMW of North America v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

### THIRTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Ala. Code, 1975. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1983).

### THIRTY-FIFTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution

of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**THIRTY-SIXTH DEFENSE**

The award of discretionary compensatory damages for mental suffering to the Plaintiffs violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for Defendant, Sheriff Billy Wayne Fulmer, Officers Warren Garris, and Jason Davis

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

## CERTIFICATE OF SERVICE

     I hereby certify that on July 19, 2006 July 19, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons:

Hon. George Azar
Hon. Elizabeth C. Wible
Azar & Azar, L.L.C.
260 Washington Avenue
Post Office Box 2028
Montgomery, AL 36102-2028

and the following non-registered persons were served by placing same in the U.S. mail postage prepaid on this the 19th day of July, 2006.

Hon. Diane Gamble
Hon. Mark Boardman
Boardman, Carr & Hutcheson, P.D.
400 Boardman Drive
Chelsea, Alabama 35043-8211

                                                  /s/ C. Winston Sheehan, Jr.
                                                  OF COUNSEL