## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TAMMY JEAN ROBINETTE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | 2:06-cv-00556-VPM |
| | ) | |
| BILLY WAYNE FULMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO AMENDED AND SUBSTITUTED COMPLAINT

**COMES NOW** the defendant, City of Hoover, and for answer to the plaintiffs' Amended and Substituted Complaint states the following:

### JURISDICTION

1.      The information contained in Paragraph 1 of the plaintiffs' Complaint does not require a response by this defendant.  However, to the extent the plaintiffs seek to impose any liability upon this defendant, defendant denies and demands strict proof thereof.

2.      The information contained in Paragraph 2 of the plaintiffs' Complaint does not require a response by this defendant.  However, to the extent the plaintiffs seek to impose any liability upon this defendant, defendant denies and demands strict proof thereof.

### PARTIES

3.      Upon information and belief, this defendant admits the allegations contained in Paragraph 3 of the plaintiffs' Complaint.

4.      This defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint do not require a response

by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

6.     The allegations contained in Paragraph 6 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

7.     The allegations contained in Paragraph 7 of the Complaint do not require a response by this defendant;, however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

8.     The allegations contained in Paragraph 8 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

9.     The allegations contained in Paragraph 9 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

10.     The allegations contained in Paragraph 10 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

11.     The allegations contained in Paragraph 11 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

12.     The allegations contained in Paragraph 12 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

13.     The allegations contained in Paragraph 13 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

14.     The allegations contained in Paragraph 14 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

15.     The allegations contained in Paragraph 15 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

16.     The City of Hoover denies it is a municipal corporation located in Jefferson and Shelby County, Alabama.

## FACTS

17.     The allegations contained in Paragraph 17 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

18.     The allegations contained in Paragraph 18 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

19.     The allegations contained in Paragraph 19 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

20.     The allegations contained in Paragraph 20 of the Complaint do not require a response

by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

21.     The allegations contained in Paragraph 21 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

22.     The allegations contained in Paragraph 22 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

23.     The allegations contained in Paragraph 23 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

24.     The allegations contained in Paragraph 24 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

25.     The defendant denies that it instructed defendant Graham to arrest the subject; rather, defendant City of Hoover requested that the subject identified as Tammy Stewart Parker be held until an officer from Hoover could pick her up.

26.     The allegations contained in Paragraph 26 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

27.     The allegations contained in Paragraph 27 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

28.    The allegations contained in Paragraph 28 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

29.    The allegations contained in Paragraph 29 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

30.    The allegations contained in Paragraph 30 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

31.    The allegations contained in Paragraph 31 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

32.    The allegations contained in Paragraph 32 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

33.    The allegations contained in Paragraph 33 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

34.    The allegations contained in Paragraph 34 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

35.    The allegations contained in Paragraph 35 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this

defendant, the defendant denies them and demands strict proof thereof.

36.    The allegations contained in Paragraph 36 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

37.    The allegations contained in Paragraph 37 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

38.    The allegations contained in Paragraph 38 of the Complaint do not require a response by this defendant; however, to the extent the allegations seek to impose any liability on this defendant, the defendant denies them and demands strict proof thereof.

39.    The City of Hoover admits that an officer from the City of Hoover transported the plaintiff to the Hoover City Jail.

40.    The defendant is without sufficient information to either admit or deny the allegations contained in this Paragraph.

41.    This defendant admits that upon arriving to the Hoover City Jail that an officer from the City of Hoover reviewed the outstanding warrant for Tammy Stewart Parker.

42.    This defendant is without sufficient information to either admit or deny the allegations contained in this Paragraph.

43.    This defendant is without sufficient information to either admit or deny the allegations contained in this Paragraph.

44.    This defendant is without sufficient information to either admit or deny the allegations contained in this Paragraph.

45.    This defendant denies the allegations contained in Paragraph 45 of the plaintiffs'

Complaint and demands strict proof thereof.

46.    This defendant admits that the plaintiff presented a claim to the City of Hoover.

## CLAIMS ACTIONABLE UNDER 42 U.S.C. § 1983

## COUNT I - ARREST VIOLATED FOURTH AMENDMENT

47-51.  Count I of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent that Count I of the Complaint seeks to impose any liability upon this defendant this defendant denies the allegations and demands strict proof thereof.

## COUNT II - IMPRISONMENT VIOLATED FOURTEENTH AMENDMENT

52-55.  Count II of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count II, this defendant denies the allegations and demands strict proof thereof.

## COUNT III - STRIP-SEARCH VIOLATED FOURTH AMENDMENT

56-60.  Count III of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count III, this defendant denies the allegations and demands strict proof thereof.

## COUNT IV - ROADBLOCK/LICENSE CHECK VIOLATED FOURTH AMENDMENT

61-66.  Count IV of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count IV, this defendant denies the allegations and demands strict proof thereof.

## CLAIMS ACTIONABLE UNDER STATE LAW

## COUNT V - NEGLIGENCE AND/OR GROSS NEGLIGENCE

67.    The allegations contained in Paragraph 67 of the Complaint does not require a response from this defendant; however, to the extent that the allegations contained in Paragraph 67 seek to impose any liability upon the City of Hoover the City of Hoover denies and demands strict proof thereof.

68.    The allegations contained in Paragraph 68 of the Complaint does not require a response from this defendant; however, to the extent that the allegations contained in Paragraph 68 seek to impose any liability upon the City of Hoover the City of Hoover denies and demands strict proof thereof.

69.    The City of Hoover denies the allegations contained in Paragraph 69 of plaintiff's Complaint and demands strict proof thereof.

70.    The City of Hoover denies the allegations contained in Paragraph 70 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT VI - FALSE ARREST AND/OR IMPRISONMENT

71-72.  Count VI of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count VI, this defendant denies the allegations and demands strict proof thereof.

## COUNT VII - MALICIOUS PROSECUTION

73-74.  Count VII of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count VII, this defendant denies the allegations and demands strict proof

thereof.

### COUNT VIII - WANTONNESS WILFULNESS, AND/OR BAD FAITH

75.     Count VIII of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count VIII, this defendant denies the allegations and demands strict proof thereof.

### COUNT IX - ASSAULT AND BATTERY

76-77.  Count IX of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count IX, this defendant denies the allegations and demands strict proof thereof.

### COUNT X - FAILURE TO TRAIN AND/OR SUPERVISE

78-79.  Count X of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count X, this defendant denies the allegations and demands strict proof thereof.

### COUNT XI - ROADBLOCK/LICENSE CHECK VIOLATED ALABAMA CONSTITUTION

80-85.  Count XI of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count XI, this defendant denies the allegations and demands strict proof thereof.

### COUNT XII - LOSS OF CONSORTIUM

86.     Count XII of the plaintiffs' Amended and Substituted Complaint does not require a response by this defendant; however, to the extent the plaintiffs seek to impose any liability upon the defendant through Count XII, this defendant denies the allegations and demands strict proof thereof.

## DEFENSES

1.      The Complaint fails to state a cause of action against this defendant upon which relief may be granted to the plaintiffs.

2.      The defendant pleads the general issue.

3.      The defendant pleads not guilty.

4.      The defendant pleads immunity under both the federal and state constitutions as well as statutory and common law immunity.

5.      The defendant pleads governmental immunity, and state-agent immunity.

6.      The defendant is entitled to discretionary function immunity.

7.      The defendant is entitled to sovereign immunity.

8.      The defendant is entitled to qualified immunity.

9.      The defendant is entitled to good faith immunity.

10.     The defendant has not violated the plaintiffs' constitutional rights.

11.     The defendant pleads waiver, consent, acquiescence and estoppel.

12.     Defendant City of Hoover denies that it, its agents or employees was guilty of any wilful, wanton, and/or negligent conduct on the occasion complained of and denies that any conduct or omission on the part of it or its agents, servants or employees caused damages or injuries to either plaintiff.

13.     The defendant denies that the plaintiffs suffered the damages alleged in said

Complaint and assert that, if said damages were in fact sustained, they were caused by parties other than this defendant.

14.    The defendant denies that the plaintiffs are entitled to damages, costs, attorneys fees, or any other relief. However, since plaintiffs have raised the issue and say that the prevailing party is entitled to attorney's fees and costs, this defendant hereby serves notice of such a claim should this defendant prevail.

15.    The defendant asserts that it was immune from liability under § 6-5-338 of the <u>Code of Alabama</u>, (1975, as amended).

16.    The defendant pleads intervening and superseding causes.

17.    The defendant is immune from punitive damages in this action.

18.    The plaintiffs are not entitled to punitive damages in this action and any order of punitive actions against this defendant would amount to a violation of this defendant's constitutional rights.

19.    The defendant asserts absolute immunity pursuant to the Eleventh Amendment.

20.    The plaintiffs have failed to exhaust its administrative remedies.

21.    Section 6-11-26 of the <u>Code of Alabama</u>, (1975 as amended) bars punitive damages against this defendant.

22.    The defendant pleads contributory negligence, assumption of risk and failure to mitigate damages.

23.    The plaintiffs' alleged injuries resulted from their own neglect, wrongful or criminal conduct, and they contributed to any of the alleged damages or injuries received. The plaintiffs should be estopped from any cause of action in this matter.

24.    Any damage or harm which the plaintiffs may have experienced is due to their own

actions and not those of this defendant.

25.    This defendant asserts absolute immunity pursuant to Article I, § 14 of the Alabama

Constitution.

26.    Any award of damages is limited to $100,000.00 as set out in § 11-93-2 of the Code

of Alabama (1975, as amended).

27.    The defendant pleads substantive immunity.

28.    The defendant is immune from liability based upon discretionary function immunity.

29.    The defendant says that each and everyone of its actions was rationally related to a

legitimate state and public interest.

30.    This defendant adopts and incorporates by reference as if fully set out herein all

defenses asserted by its co-defendants.

> *s/Mark S. Boardman* _____
> Mark S. Boardman (BOA001)
> E. Dianne Gamble (GAM021)
> BOARDMAN, CARR & HUTCHESON, P.C.
> 400 Boardman Drive
> Chelsea, Alabama 35043-8211
> Telephone: (205) 678-8000
> Facsimile: (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that on **August 8, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George B. Azar, Esquire
Elizabeth C. Wible, Esquire
Paul E. Burkett, Esquire
AZAR & AZAR, L.L.C.
260 Washington Avenue
P. O. Box 2028
Montgomery, Alabama 36102

C. Winston Sheehan, Jr., Esquire
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148

> *s/Mark S. Boardman*

Of Counsel