IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

TAMMY JEAN ROBINETTE and )
JAMES BRYAN ROBINETTE, )
 )
    Plaintiffs, )
 )
v. )    CASE NO. 2:06-cv-556-MHT
 )
BILLY WAYNE FULMER, et al. )
 )
 )
    Defendants. )

## ANSWER OF DEFENDANT LINDA BINGHAM

Defendant Linda Bingham, referred to in the complaint in this case as Linda Graham, answers the plaintiffs' Amended and Substituted Complaint in this case (hereinafter referred to for convenience as "the Complaint"), as follows:

1.    Said defendant admits that this Court has jurisdiction of plaintiffs' federal claims in this action. The remaining allegations of paragraph 1 of the complaint are descriptive only of the nature of the plaintiffs' claims in this action; hence, no answer is required. However, to the extent that the allegations of paragraph 1 of plaintiffs' complaint in this case is intended to allege that said defendant has liability to the plaintiffs, or that the plaintiffs are entitled to recover in this action, such allegations are denied.

2.    Said defendant denies that the plaintiffs' federal claims alleged in the complaint in this case under 42 U.S.C. § 1983 are cognizable in this action under the facts applicable to such claims; hence, said defendant avers that this Court should not exercise jurisdiction under 28 U.S.C. § 1367(a) of plaintiffs' state law claims in this action.

3.    Said defendant is without knowledge or information sufficient to enable her to either admit or deny the allegations of paragraph 3 of the Complaint; hence, such allegations are denied.

4.    Said defendant is without knowledge or information sufficient to enable her to either admit or deny the allegations of paragraph 4 of the Complaint; hence, such allegations are denied.

5.    Said defendant admits that defendant Fulmer was the Sheriff of Chilton County, Alabama during the period of time alleged, that he employed one or more of the defendants in this action, and that, according to the complaint in this case, plaintiffs have asserted claims against him in both his individual and official capacities. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to either admit or deny the remaining allegations of paragraph 5 of the complaint; hence, such allegations are denied.

6.      The allegations of paragraph 6 are admitted, except that said defendant is without knowledge or information sufficient to enable her to admit or deny that the E-911 Board qualifies as a governmental entity under Alabama law, and that it was the employer of any of the defendants in this action; hence, such allegations are denied.

7.      Said defendant admits that the Chilton County is a political subdivision of the State of Alabama with the power to sue and be sued under § 11-1-2, Code of Alabama (1975). Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 7 of the complaint; hence, such allegations are denied.

8.      Said defendant admits that the Chilton County Commission is the governing body of Chilton County, Alabama and that the Chilton County Commission's place of business is 500 Second Avenue North, Clanton, Alabama. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 8 of the complaint; hence, such allegations are denied.

9.      Said defendant admits that defendant Warren Garris was employed as a Chilton County Deputy Sheriff during the period of time alleged, and that plaintiffs have asserted claims in this action against Garris in his individual and official

3

capacities. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 9 of the complaint; hence, such allegations are denied.

10. Said defendant admits that during the period of time alleged, defendant Shane Mayfield was employed as Chief Deputy Sheriff by defendant Fulmer in the Chilton County Sheriff's Department, and that according to the complaint, plaintiffs have asserted claims in this action against Mayfield in his individual and official capacities. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 10 of the complaint; hence, such allegations are denied.

11. Said defendant admits that during the period of time alleged, defendant Cheryl Robinson worked for the E-911 Board, and that according to the complaint, plaintiffs have asserted claims in this action against Robinson in her individual and official capacities. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 11 of the complaint; hence, such allegations are denied.

12. Said defendant admits that during the period of time alleged, she worked as a E-911 dispatcher and that, according to the complaint, plaintiffs have asserted claims in this action against said defendant in her individual and official capacities.

Except as admitted herein, the remaining allegations of paragraph 12 of the complaint are denied.

13.    Said defendant admits that during the period of time alleged, defendant Shane Lockhart was employed by the Chilton County Sheriffs Department, and that according to the complaint, plaintiffs have asserted claims in this action against Lockhart in his individual and official capacities.  Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 13 of the complaint; hence, such allegations are denied.

14.    Said defendant admits that plaintiffs have asserted claims in this action against defendant Jason Davis in his individual and official capacities. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 14 of the complaint; hence, such allegations are denied.

15.    Said defendant admits that plaintiffs have asserted claims in this action against defendant Angie Smith in her individual and official capacities.  Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 15 of the complaint; hence, such allegations are denied.

16.    Said defendant admits the allegations of the first sentence of paragraph 16 of the complaint. Said defendant is without knowledge or information sufficient to enable her to either admit or deny the allegations of the second and third sentences of paragraph 16 of the complaint; hence, such allegations are denied.

17.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 17 of the complaint; hence, such allegations are denied.

18.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of the first sentence of paragraph 18 of the complaint; hence, such allegations are denied. With regard to the second sentence of paragraph 18 of the complaint, said defendant admits that she received information from a Chilton County deputy on the occasion at issue in this case. Said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 18 of the complaint; hence, such allegations are denied.

19.    With regard to the allegations of paragraph 19 of the complaint, said defendant admits that she ran an NCIC check for outstanding warrants with the information provided to her by the deputy. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the

allegations contained in paragraph 19 of the complaint.

20.    With regard to the allegations of paragraph 20 of the complaint, said defendant admits that she obtained an NCIC "hit" on an outstanding arrest warrant based upon the information provided to her by the deputy. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to admit or deny the remaining allegations of paragraph 20 of the complaint.

21.    The allegations of the first sentence of paragraph 21 of the complaint are denied. With regard to the allegations of the second sentence of paragraph 21 of the complaint, said defendant admits that she informed a Chilton County deputy sheriff that she obtained a "hit" on an outstanding arrest warrant on the NCIC based on the information provided to her by him. Except as admitted herein, said defendant is without knowledge or information sufficient to enable her to either admit or deny the remaining allegations of paragraph 21 of the complaint.

22.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 22 of the complaint; hence, such allegations are denied.

23.    The allegations of the last sentence of paragraph 23 of the complaint are denied. With regard to the remaining allegations of paragraph 23 of the complaint, said defendant avers that she recalls having a conversation with a representative of

7

the City of Hoover Police Department regarding the "hit" for an outstanding arrest warrant shown on the NCIC. Said defendant is without knowledge or information sufficient to enable her to either admit or deny the remaining allegations of paragraph 23 of the complaint; hence, such allegations are denied.

24.    With regard to all of the allegations of paragraph 24 of the complaint, said defendant avers that she recalls having a conversation with a representative of the City of Hoover Police Department regarding the "hit" for the outstanding arrest warrant shown on the NCIC.  Said defendant is without knowledge or information sufficient to enable her to either admit or deny the remaining allegations of paragraph 24 of the complaint; hence, such allegations are denied.

25.    With regard to all of the allegations of paragraph 25 of the complaint, said defendant avers that she recalls having a conversation with a representative of the City of Hoover Police Department regarding the "hit" for the outstanding arrest warrant shown on the NCIC. Said Defendant is without knowledge or information sufficient to enable her to either admit or deny the remaining allegations of paragraph 25 of the complaint; hence, such allegations are denied.

26.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 26 of the complaint; hence, such allegations are denied.

27.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 27 of the complaint; hence, such allegations are denied.

28.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 28 of the complaint; hence, such allegations are denied.

29.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 29 of the complaint; hence, such allegations are denied.

30.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 30 of the complaint; hence, such allegations are denied.

31.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 31 of the complaint; hence, such allegations are denied.

32.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 32 of the complaint; hence, such allegations are denied.

33.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 33 of the complaint; hence, such allegations are denied.

34.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 34 of the complaint; hence, such allegations are denied.

35.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 36 of the complaint; hence, such allegations are denied.

36.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 36 of the complaint; hence, such allegations are denied.

37.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 37 of the complaint; hence, such allegations are denied.

38.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 38 of the complaint; hence, such allegations are denied.

39.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 39 of the complaint; hence, such allegations are denied.

40.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 40 of the complaint; hence, such allegations are denied.

41.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 41 of the complaint; hence, such allegations are denied.

42.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 42 of the complaint; hence, such allegations are denied.

43.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 43 of the complaint; hence, such allegations are denied.

44.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 44 of the complaint; hence, such allegations are denied.

45.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 45 of the complaint; hence, such allegations are denied.

46.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 46 of the complaint; hence, such allegations are denied.

47.    Said defendant admits that the Fourth Amendment provides certain rights to citizens.  Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 47 of the complaint; hence, such allegations are denied.

48.    Said defendant denies the allegations of paragraph 48 of the complaint.

49.    Said defendant denies the allegations of paragraph 49 of the complaint.

50.    Said defendant denies the allegations of paragraph 50 of the complaint.

51.    Said defendant denies the allegations of paragraph 51 of the complaint.

52.    Said defendant denies the allegations of paragraph 52 of the complaint.

53.    Said defendant denies the allegations of paragraph 53 of the complaint.

54.    Said defendant denies the allegations of paragraph 54 of the complaint.

55.    Said defendant denies the allegations of paragraph 55 of the complaint.

56.    Said defendant admits the allegations of paragraph 56 of the complaint.

57.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 57 of the complaint; hence, such allegations are denied.

58.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 58 of the complaint; hence, such allegations are denied.

59.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 59 of the complaint; hence, such allegations are denied.

60.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph  60 of the complaint; hence, such allegations are denied.

61.     Said defendant admits that the Fourth Amendment provides certain rights to citizens. Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 61 of the complaint; hence, such allegations are denied.

62.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 62 of the complaint; hence, such allegations are denied.

63.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 63 of the complaint; hence, such allegations are denied.

64.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 64 of the complaint; hence, such allegations are denied.

65.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 65 of the complaint; hence, such allegations are denied.

66.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 66 of the complaint; hence, such allegations are denied.

67.    Said defendant denies the allegations of paragraph 67 of the complaint.

68.    Said defendant denies the allegations of paragraph 68 of the complaint.

69.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 69 of the complaint; hence, such allegations are denied.

70.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 70 of the complaint; hence, such

allegations are denied.

71.    Said defendant denies the allegations of paragraph 71 of the complaint.

72.    Said defendant denies the allegations of paragraph 72 of the complaint.

73.    Said defendant denies the allegations of paragraph 73 of the complaint.

74.    Said defendant denies the allegations of paragraph 74 of the complaint.

75.    Said defendant denies the allegations of paragraph 75 of the complaint.

76.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 76 of the complaint; hence, such allegations are denied.

77.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 77 of the complaint; hence, such allegations are denied.

78.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 78 of the complaint; hence, such allegations are denied.

79.    Said defendant denies the allegations of paragraph 79 of the complaint.

80.    Said defendant admits that the Article I, § 5 of the Alabama Constitution provides certain rights to citizens.    Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 80

of the complaint; hence, such allegations are denied.

81.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 81of the complaint; hence, such allegations are denied.

82.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 82 of the complaint; hence, such allegations are denied.

83.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 83 of the complaint; hence, such allegations are denied.

84.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 84 of the complaint; hence, such allegations are denied.

85.     Said defendant is without knowledge or information sufficient to enable her to admit or deny the allegations of paragraph 85 of the complaint; hence, such allegations are denied.

86.     Said defendant denies the allegations of paragraph 86 of the complaint.

87.     Said defendant denies the allegations of paragraph 87 of the complaint.

88.     Said defendant denies the allegations of paragraph 88 of the complaint.

89.    Except as admitted herein, any allegation contained in the complaint in this case which is hereinabove neither admitted or denied is denied.

## First Defense

The complaint fails to state a claim upon which relief can be granted against said defendant.

## Second Defense

Said defendant is entitled to qualified immunity from plaintiffs' claims alleged against her under 42 U.S.C. § 1983.

## Third Defense

The claims alleged in Count II of the complaint in this case do not, as a matter of law, constitute a violation of the Fourteenth Amendment.

## Fourth Defense

There has been no deprivation of the constitutional rights of plaintiff Tammy Robinette.

## Fifth Defense

Said defendant is entitled to discretionary function immunity from the plaintiffs' state law claims in this action.

## Sixth Defense

Siad defendant is entitled to discretionary function immunity under § 895D of

the Restatement 2d Torts from plaintiffs' state law claims in this action.

Seventh Defense

Said defendant is entitled to state-agent discretionary function immunity from the plaintiffs' state law claims in this action.

Eighth Defense

There was arguable probable cause for the arrest of plaintiff Tammy Robinette.

Ninth Defense

Said defendant acted at all times in good faith.

Tenth Defense

Any misidentification of plaintiff Tammy Robinette by said defendant was the result of a reasonable mistake and, as such, does not amount to a violation of the Constitution.

Eleventh Defense

There is no private right of action available under the Alabama Constitution for money damages.

Twelfth Defense

To the extent plaintiffs are claiming punitive damages against defendant Bingham, said defendant states as follows:

The award of punitive damages as claimed by plaintiffs violates Article I, § 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 6, of the of the <u>Alabama Constitution of 1901</u> on the following separate and several grounds:

       a.    The civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

       b.    The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

       c.    The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

       d.    The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants.

       e.    The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f.    The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g.    The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h.    The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i.    The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

j.    The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.    The standards of conduct upon which punitive damages are awarded are vague.

l.    The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.    The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of

proof which is not heightened in relation to the standard of proof for ordinary civil cases.

   n.  The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious or oppressive penalties.

   o.  The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

Thirteenth Defense

The plaintiffs' state law claim of malicious prosecution is not maintainable based upon the facts alleged in the complaint in this case.

Fourteenth Defense

There is no cognizable claim under Alabama law for "gross negligence."

Fifteenth Defense

There is no basis for the imposition of punitive damages against said defendant in this action.

Sixteenth Defense

Any award of damages on plaintiffs' state law claims in this action is limited to the sum of $100,000.00 under § 11-93-2, Code of Alabama, 1975.

<u>Seventeenth Defense</u>

Plaintiffs' official capacity claims against said defendant are not maintainable in this action, because her employer is a separately named defendant. As a consequence, the official capacity claims alleged against her in this action would be superfluous, redundant, and confusing to a jury.

<u>Eighteenth Defense</u>

Because plaintiff Tammy Robinette was arrested pursuant to a valid outstanding arrest warrant, plaintiffs' have no maintainable state law tort claim in this action for false arrest or false imprisonment as a matter of law.

<u>s/ George W. Royer, Jr.</u>
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lfsp.com

Attorneys for Defendant Linda Bingham

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Elizabeth Camilla Wible, Esquire
> George Bernard Azar, Esquire
> AZAR & AZAR
> Post Office Box 2028
> Montgomery, AL 36102-2028
>
> C. Winston Sheehan, Jr., Esquire
> BALL, BALL, MATTHEWS & NOVAK, P.A.
> Post Office Box 2148
> Montgomery, AL 36102-2148
>
> Elizabeth Dianne Gamble, Esquire
> Mark S. Boardman
> BOARDMAN, CARR, WEED, & HUTCHESON, P.C.
> 400 Boardman Drive
> Chelsea, AL 35043-8211

on this the 14th day of August, 2006.

s/ George W. Royer, Jr.
George W. Royer, Jr.