IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TAMMY JEAN ROBINETTE, ET AL.,** ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| V. ) | CASE NUMBER: 2:06cv556-VPM |
| ) | |
| **BILLY WAYNE FULMER, ET AL.,** ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT LINDA BINGHAM'S MOTION TO DISMISS**

COME NOW Plaintiffs in the above-styled action opposing the motion to dismiss filed by Linda Graham Bingham for the following reasons:

1. While Plaintiffs agree that an official-capacity claim against an individual officer is the equivalent of a claim against her employer, it is premature here to dismiss the official-capacity claim against Linda Graham Bingham because Plaintiffs have not yet established who her employer was at the time of the events giving rise to this action. Plaintiffs, on reasonable belief, alleged that Bingham's employer was the E-911 Board. Bingham did not admit that the E-911 Board employed her but only that she "worked as an E-911 dispatcher." *Bingham's Answer ¶ 12.* In her brief, Bingham states that her "***employers*** are separately named defendants," referring to the E-911 Board and Chilton County, Alabama (and/or the Chilton County Commission). *Bingham's Brief at 3 (emphasis added).* If Bingham is willing to stipulate to the identity of her employer or employers, and those entities are already named as Defendants, Plaintiffs will have no objection to a dismissal of the official-capacity claims against Bingham. Without such a stipulation, Plaintiffs submit they should have an opportunity to conduct discovery to establish Bingham's employers before the official-capacity claim is dismissed. For that reason, Plaintiffs respectfully submit that Bingham's

motion to dismiss the official-capacity claims against her be denied.

2. Bingham argues in her brief that Plaintiff Tammy Robinette "has ... no maintainable Fourteenth Amendment claim premised upon the matters alleged in the Complaint." *Bingham's Brief at 4-7*. She does not appear to limit her argument to whether the facts alleged in the Complaint state a Fourteenth Amendment claim against her in particular; rather, her arguments appear broader than that.

Plaintiff Tammy Robinette respectfully disagrees that she has no viable claim for a violation of her Fourteenth Amendment rights, and maintains that the facts alleged in her Complaint do state a claim of a Fourteenth Amendment violation. In support of her contention, Plaintiff relies upon **Cannon v. Macon County,** 1 F.3d 1558 (11th Cir. 1993), *as modified on denial of r'hrg* 15 F.3d 1022 (11th Cir. 1994), in which the Eleventh Circuit recognized that the Fourteenth Amendment's Due Process Clause secures the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release."

Defendant Bingham cited three cases in support of her argument that Tammy Robinette has no Fourteenth Amendment claim. *Bingham's Brief at 6-7, citing* **Walker v. Briley,** 140 F. Supp. 2d 1249 (N.D. Ala. 2001); **Dorsey v. Wallace,** 134 F. Supp. 2d (N.D. Ga. 2000); **Snow v. Village of Chatam,** 84 F. Supp. 2d 322 (N.D.N.Y. 2000). None of the cases cited by Bingham involved a mistaken identity issue or a detention after the officials should have realized their mistake. **Walker** and **Dorsey,** the two cases decided by district courts in this Circuit, involved warrantless arrests.

Here, Tammy Robinette suffered a period of detention after her arrest during which Defendants, including Bingham and others who did not participate in the arrest, should have discovered that her arrest was a mistake and that she was entitled to be released. It is Tammy's continued detention under these circumstances that violated her Fourteenth Amendment rights.

Accordingly, Plaintiffs respectfully submit that Bingham's motion to dismiss the Fourteenth Amendment claims in the Complaint be denied.

3. At page 7 of her brief, Bingham argues that, "even if a Fourteenth Amendment substantive due process claim could be maintained under § 1983 for the matters alleged in the complaint in this case, it is clear that the allegations of the complaint ... do not rise to the level of a maintainable Fourteenth Amendment claim." *Bingham's Brief at 7*. Bingham then argues, incorrectly, that the level of conduct Plaintiff would have to demonstrate is conduct "arbitrary and conscious-shocking." *Bingham's Brief at 7-12*.

Contrary to Bingham's contention, the very cases that Bingham cites in advocacy of the conscience-shocking standard point out that the conscience-shocking standard applies to non-custodial cases, that is cases where the person was *not* being held in custody. Tammy Robinette was taken into custody, strip-searched, held, and transported to the City of Hoover.

The Eleventh Circuit has stated, and repeatedly held, that "in cases dealing with prisoners and other persons in state custody, ... a showing of deliberate indifference is required to establish a violation of substantive due process rights protected by the [F]ourteenth [A]mendment." **Cannon v. Macon County,** 1 F.3d 1558, 1563 (11th Cir. 1993), *as modified on denial of r'hrg* 15 F.3d 1022 (11th Cir. 1994). Accordingly, deliberate indifference is the standard applicable to Tammy Robinette's Fourteenth Amendment claims in this case.

4. In **Cannon v. Macon County,** 1 F.3d 1558 (11th Cir. 1993), *as modified on denial of r'hrg* 15 F.3d 1022 (11th Cir. 1994), the Eleventh Circuit held that a person about to be placed in detention has a ***clearly established*** Fourteenth Amendment to have a sheriff's deputy use her driver's license and her identifying information to complete an arrest report and not to have the sheriff's deputy copy the identifying information about the arrestee directly from NCIC report to

the arrest report. Here, when seeking to confirm the warrant with Hoover, Bingham read a Hoover employee the social security number of the person wanted, not Tammy Robinette's social, directly from the NCIC report, when she had Tammy Robinette's social security number right in front of her. Tammy Robinette submits that the facts of *Cannon* are sufficiently similar to the facts of this case for Bingham to have understood that it violated Tammy Robinette's Constitutional rights, whether secured by the Fourth or the Fourteenth Amendment, to use information about the wanted person from the NCIC printout to confirm a warrant.

5.      Plaintiff Tammy Robinette contends that *Montgomery v. City of Montgomery*, 732 So. 2d 305 (Ala. Civ. App. 1999), does not foreclose a false arrest and/or false imprisonment claim in her case. First, in *Montgomery*, there so much information presented to the arresting officers tending to show that the person arrested was the person named in the warrant that the court could conclude as a matter of law that the officer's mistake in identifying Montgomery was reasonable, and therefore his arrest was pursuant to a valid warrant. Here, there is a genuine issue for a jury about whether the dispatcher formed a reasonable but mistaken belief that Tammy Robinette was the person wanted in Hoover's outstanding warrant. Plaintiffs submit, this is not a case where the dispatcher made a mistake in the exercise of judgment. This is a case where the dispatcher used the wanted person's social security number to confirm a warrant, when she had Tammy Robinette's social security number right in front of her. In such circumstances, Plaintiffs submit, the arrest is not pursuant to a "valid warrant." Therefore, Tammy Robinette has an actionable state-law false arrest or false imprisonment claim.

Alternatively, *Montgomery v. City of Montgomery* is an aberration of Alabama law that should not be followed here. None of the three cases cited in *Montgomery* for the conclusion that Montgomery had no false arrest or imprisonment claim where mistaken-identity cases. Rather, all

of three cases involved suits by persons arrested pursuant to warrants intended for them.

For these reasons, Plaintiff Tammy Robinette submits, Defendant Bingham's motion to dismiss her state-law false arrest/false imprisonment claims should be denied.

s/ George B. Azar<br>
George B. Azar (AZA002)<br>
Elizabeth C. Wible (WIB002)<br>
Attorneys for Plaintiffs

OF COUNSEL:
AZAR & AZAR, L.L.C.
260 Washington Avenue
P.O. Box 2028
Montgomery, Alabama 36102-2028
Telephone: (334) 265-8551
Fax: (334) 261-3489
gazar@azarlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

(NOT APPLICABLE)

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

C. Winston Sheehan, Jr. Esquire
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36102-2148

George W. Royer, Jr., Esquire
LANIER, FORD SHAVER & PAYNE, P.C.
200 West Side Square, Suite 5000
Huntsville, AL 35801

and I hereby certify that I have faxed the document to the following non-CM/ECF participants:

E. Dianne Gamble, Esq.
Mark S. Boardman, Esq.
Boardman, Carr & Hutcheson, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
 Fax:   (205) 678-0000

                                                 s/George B. Azar

N:\WP51\GBA\Rob-Chi\Dismiss rsp.wpd