IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TAMMY JEAN ROBINETTE and<br>JAMES BRYAN ROBINETTE,<br><br>　　Plaintiffs,<br><br>v.<br><br>BILLY WAYNE FULMER, et al.<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　　CASE NO. 2:06-cv-556-MHT<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
## OF DEFENDANT LINDA BINGHAM

In their opposition to defendant Bingham's motion to dismiss, plaintiffs bring up only a couple of issues that need to be addressed. The rest do not. For example, under Alabama law there is no maintainable false arrest claim. Alabama law does not recognize the tort of false arrest when the plaintiff is arrested pursuant to a valid warrant, even when it turns out the plaintiff was not in fact the person identified in the warrant. See Montgomery v. City of Montgomery, 732 So.2d 305, 308 (Ala. Civ. App. 1999). That case says what it says, regardless of whether plaintiffs characterize it as an "aberration," and it is the law in Alabama. Likewise, there is no tort in Alabama for "gross negligence." That is all fairly straightforward and is not discussed any further in this reply.

The only issues raised by plaintiffs that are addressed here are those pertaining

to whether the plaintiffs have a maintainable Fourteenth Amendment claim against defendant Bingham. In her motion to dismiss, defendant Bingham pointed to cases holding that, when the alleged conduct results in an arrest, the Fourth Amendment, and not the Fourteenth Amendment, is the sole constitutional right at stake. Plaintiffs argue, however, that their Fourteenth Amendment claim is not based on the same conduct as the arrest claim, but arises out of the two hour or so detention that followed her arrest. Even under the allegations in the Amended Complaint, the alleged detention in Chilton County was brief. Plaintiffs allege that defendant Garris arrested plaintiff Robinette at 9:45 p.m, (Amended Complaint, ¶ 26), and that someone from Hoover came to pick her up at about 11:15 p.m. (Id. at ¶ 38). She was in the custody of Chilton County, then, for about an hour and a half. Under these allegations, there is no maintainable Fourteenth Amendment claim against defendant Bingham so to overcome her defense of qualified immunity. This is so for at least two reasons.

First, the law is not clearly established that the Fourteenth Amendment's protections were ever triggered by the brief detention in the Chilton County Jail. The Eleventh Circuit has never once and for all decided just when an arrest ends and pretrial detention begins. See Graham v. Athens-Clarke County, 378 F.3d 1274, 1279 n.11 (11th Cir. 2004). The law strongly suggests, however, that an hour and a half

2

is not long enough to turn an arrest into a pretrial detention. See id. (citing <u>Gutierrez v. City of San Antonio</u>, 139 F.3d 441, 452 (5th Cir. 1998) for the proposition that the Fourteenth Amendment analysis does not begin until "*after* the incidents of arrest of completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time") (emphasis in original). If "significant" means anything, it means more than an hour and a half.

But at an absolute minimum, the law is not clearly established that an hour and a half detention following an arrest while waiting for another jurisdiction to pick up the plaintiff triggers the Fourteenth Amendment's protections. No case would have put defendant Bingham on notice that plaintiff Robinette had any due process rights arising out of her arrest and brief detention while waiting on the Hoover police to come pick her up. The only case cited by plaintiffs, <u>Cannon v. Macon County</u>, 1 F.3d 1558 (11th Cir. 1993), is much different. There, the plaintiff was detained for at least four days before being extradited. Id. at 1561. Here, plaintiff was detained for less than two hours. There simply was no case that could put defendant on notice that an hour and a half triggered the due process clause, and did so clearly. The law is clear, however, that defendant Bingham is not required to "predict the future course of constitutional law." See <u>Snider v. Jefferson State Community College</u>, 344 F.3d

3

1325, 1329 (11th Cir. 2003).

Second, even if one were to assume that the law was clearly established that plaintiff Robinette had certain Fourteenth Amendment rights, the law was not clearly established that *defendant Bingham* is liable for the violation of those rights. Defendant Bingham is a dispatcher. Her only alleged involvement in the arrest and detention of plaintiff Robinette is that she mistakenly identified plaintiff, Tammy Sanders Parker, as the person subject to an outstanding arrest warrant who had the same first and last name and communicated that belief to another officer who actually arrested plaintiff and transported her to the jail. That is the only role that defendant Bingham played in the arrest and detention. Someone else arrested the plaintiff and transported her to the jail. Someone else heard her alleged protestations of innocence. Someone else booked her into jail and made the decision not to investigate her claims of innocence. Someone else decided to strip search her. Defendant Bingham did none of those things. She is not even alleged to have any control or authority over the detention of plaintiff at the jail.

Under these allegations, at best, plaintiffs have stated a maintainable Fourth Amendment claim against defendant Bingham. (Defendant Bingham did not move to dismiss the Fourth Amendment claim.) But it is clear that plaintiffs have not stated a Fourteenth Amendment claim. There is simply no law whatsoever that could

establish, much less clearly, that a dispatcher with no responsibility for the detention of the plaintiff is liable for the continued detention of the plaintiff after her arrest. The only case cited by plaintiffs in support of this unprecedented theory is <u>Cannon</u>. <u>Cannon</u> is vastly different in material ways. In <u>Cannon</u>, the defendant was the officer who processed plaintiff in the jail and swore out an affidavit that stated that the plaintiff was the person wanted by the warrant. <u>Id.</u> at 1563-64. That officer-defendant was the one who heard the plaintiff over and over claim not to be the person identified in the warrant, and still decided not to investigate further. <u>Id.</u> In other words, the defendant was the person who was responsible for the plaintiff's detention. That is not the case here. Defendant Bingham–a dispatcher– had no responsibility for the continued detention of the plaintiff.

At an absolute minimum, the law was not clearly established that defendant Bingham was responsible for plaintiff's detention. There is simply no case that would have put her on notice that she was. As demonstrated above, <u>Cannon</u> does not. See <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1031 (11th Cir. 2001) (explaining that there is a big difference "between following a precedent and extending a precedent" for the purposes of giving notice to a defendant). No other case would either.

## Conclusion

Defendant Bingham's motion to dismiss is due to be granted.

s/ George W. Royer, Jr.
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lfsp.com

Attorneys for Defendant Linda Bingham

CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Elizabeth Camilla Wible, Esquire
    George Bernard Azar, Esquire
    AZAR & AZAR
    Post Office Box 2028
    Montgomery, AL 36102-2028

    C. Winston Sheehan, Jr., Esquire
    BALL, BALL, MATTHEWS & NOVAK, P.A.
    Post Office Box 2148
    Montgomery, AL 36102-2148

    Elizabeth Dianne Gamble, Esquire
    Mark S. Boardman
    BOARDMAN, CARR, WEED, & HUTCHESON, P.C.
    400 Boardman Drive
    Chelsea, AL 35043-8211

on this the 1st day of September, 2006.

                                s/ George W. Royer, Jr.
                                George W. Royer, Jr.